JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Kenneth W. Jones, appeals the decision of the Cleveland Municipal Court that convicted him of disorderly conduct and sentenced him accordingly. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that officers from the Cleveland Police Department were summoned to the apartment of appellant's girlfriend in the early morning hours of June 2, 2002 when appellant refused the girlfriend's request to leave her apartment. Upon entering the girlfriend's apartment, the officers found appellant asleep on the sofa with a bottle of alcohol nearby. Attempts to awaken appellant were met with resistance and foul language. Suffice it to say that appellant was uncooperative, which ultimately resulted in appellant being arrested for aggravated disorderly conduct and resisting arrest, in violation of Cleveland Codified Ordinances 605.03A and 615.08, respectively.
 {¶ 3} The matter proceeded to trial whereupon the city amended the charges against appellant to disorderly conduct, in violation of Cleveland Codified Ordinance 605.03B, which is a minor misdemeanor. The resisting arrest charge was nolled. The city offered the testimony of Cleveland Police Officer Terri Bell, one of the two officers at the scene. Officer Bell testified that she and her partner, Officer Perez, arrived at the girlfriend's apartment and found appellant in an inebriated state. She further testified that their efforts at gaining appellant's cooperation in transporting him to his own apartment[1] were unsuccessful and, indeed, were met with belligerence and offensive language. Officer Perez, although subpoenaed to appear at the trial, did not appear, nor was his attendance compelled by the court.
 {¶ 4} Appellant represented himself and testified on his own behalf. Succinctly, it was appellant's position that his reportedly defiant behavior was due to a seizure he was then suffering. According to appellant's testimony, he did not know he was having a seizure at the time because that episode was reportedly the first seizure he had ever had. Although he attempted to support this theory with medical documentation, the evidence he presented provided no such support. On the contrary, appellant presented a copy of the dictionary definition for lockjaw or "clostridium tetany," which is defined as being characterized by "rigidity and spasms of the voluntary muscles."
 {¶ 5} The municipal court eventually found appellant guilty of disorderly conduct and he was fined $100.[2] Appellant is now before this court and assigns two errors for our review.
 I. Subpoena of Officer Perez {¶ 6} In his first assignment of error, appellant contends that the municipal court violated R.C. 2935.11 when it did not compel Officer Perez to testify.
 {¶ 7} R.C. 2935.11 governs the recourse available to a trial court when a person summoned to appear fails to do so. This section provides, in relevant part:
 {¶ 8} "If the person summoned to appear as provided in division (B) of section 2935.10 of the Revised Code fails to appear without just cause and personal service of the summons was had upon him, he may be found guilty of contempt of court, and may be fined not to exceed twenty dollars for such contempt. Upon failure to appear the court or magistrate may forthwith issue a warrant for his arrest."
 {¶ 9} This subsection, however, references R.C. 2935.10(B), which provides, in relevant part:
 {¶ 10} "If the offense charged is a misdemeanor or violation of a municipal ordinance, such judge, clerk, or magistrate may:
 {¶ 11} "(1) Issue a warrant for the arrest of such person, directed to any officer named in section 2935.03 of the Revised Code but in cases of ordinance violation only to a police officer or marshal or deputy marshal of the municipal corporation;
 {¶ 12} "(2) Issue summons, to be served by a peace officer, bailiff, or court constable, commanding the person against whom the affidavit or complaint was filed to appear forthwith, or at a fixed time in the future, before such court or magistrate. Such summons shall be served in the same manner as in civil cases."
 {¶ 13} A plain reading of this statutory provision compels the conclusion that it pertains to "the person against whom the * * * complaint was filed." Read together with the preceding subsection, R.C.2935.10 is directed to a trial court's recourse when the accused fails to appear. R.C. 2935.11(A) refers to "the person charged in the affidavit." Subsection (B) thereafter continues with the procedure for offenses classified as misdemeanors rather than felonies. The context is the same, however, and cannot be mistaken as being directed at compelling the presence of a witness for the prosecution. Consequently, it cannot be said that the trial court violated R.C. 2935.11 in failing to compel the presence of Officer Perez.
 {¶ 14} Even if this statute could be construed as pertaining to a witness rather than the accused, a plain reading of this statute compels this court to conclude that the remedies available to a trial court are written in discretionary terms rather than terms that are mandatory. A person under summons to appear may be found guilty of contempt or may have a warrant issued for his or her arrest. A trial court is not mandated to do anything that would compel the summoned person to appear.
 {¶ 15} We recognize that appellant chose to forego retaining legal counsel and chose to represent himself. Nonetheless, it was the city that subpoenaed Officer Perez, not appellant. Nor did appellant offer any objection to the absence of Officer Perez or request that the court compel his attendance. Such a request notwithstanding, appellant has not offered any argument as to how he was prejudiced by this officer's absence at trial. Officer Bell was present at the scene as was Officer Perez and her testimony was based on her observations of the conduct that occurred on the day in question. Thus, even if we were to find error, we cannot say that the error was anything but harmless.
 {¶ 16} Appellant's first assignment of error is not well taken and is overruled.
 II. Officer Bell's Testimony {¶ 17} In his second assignment of error, appellant contends that the municipal court erred in admitting the hearsay testimony of Officer Bell as to the statements made by Officer Perez to the effect that appellant was combative.
 {¶ 18} Hearsay is a "statement, other than one made by the declarant while testifying at the trial * * *, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). It is generally inadmissible unless an exception or exclusion applies. See Evid.R. 802.
 {¶ 19} The statements to which appellant refers, however, were not made by Officer Perez, but Officer Bell. It was Officer Bell who testified that appellant was combative, based on her own observations. She was present in the apartment and had first-hand knowledge of appellant's conduct. Consequently, this portion of Officer Bell's testimony was not inadmissible hearsay.
 {¶ 20} Appellant's second assignment of error is not well taken and is overruled.
MICHAEL J. CORRIGAN, P.J., AND SEAN C. GALLAGHER, J., CONCUR
[1] Apparently appellant lived in an apartment in the next building.
[2] The record does not support that this fine has been paid. On the contrary, the transcript of the proceedings indicate that appellant was directed to establish a payment plan with the Clerk's Office. This appeal, therefore, is not moot. See State v. Golston (1994),71 Ohio St.3d 224.